**JAMESON HOME PRODUCTS, INC., et al., Appellants,**

v.

**HANDY ANDY HOME IMPROVEMENT CENTERS, INC., Appellee.**

**Nos. 96 C 5043, 96 C 5044 and 96 C 5800.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 24, 1997.

Jerome B. Meites, McDermott, Will & Emery, Chicago, IL, Jonathan H. Dudley, Howard, Solochek & Weber, S.C., Milwaukee, WI, for Jameson Home Products, Inc.

Mitchell Elliot Jones, Rooks, Pitts & Poust, Chicago, IL, Jonathan H. Dudley, Albert Solochek, Howard, Solochek & Weber, S.C., Milwaukee, WI, for Ten Group.

Jonathan H. Dudley, Albert Solochek, Howard, Solochek & Weber, S.C., Milwaukee, WI, Paul H. Scheuerlein, Cantwell & Cantwell, Chicago, IL, for Southwire Company.

Jonathan D. Taft, Sonnenschein, Nath & Rosenthal, Chicago, IL, for Appellee.

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

Appellee, Handy Andy Home Improvement Centers, Inc. (Handy Andy), is the debtor in a chapter 11 bankruptcy case. A large number of Handy Andy's creditors sought to reclaim goods they had delivered to Handy Andy shortly before the commencement of the bankruptcy case. See 11 U.S.C. § 546(c); 810 ILCS 5/2–702(2). Handy Andy brought an adversary proceeding in the bankruptcy court seeking a declaratory judgment:

[T]hat to the extent that Defendant's [sic] made demands after the October 12, 1995 commencement of this case for reclamation of goods delivered more than 10 days prior to the commencement of this case, such demands are not valid reclamation demands[.]

The bankruptcy court agreed with Handy Andy, and entered judgment accordingly. Three appeals from this judgment were taken by defendants to this court.

Appellant, Jameson Home Products, Inc., brought one of the appeals (96 C 5043). Another of the appeals was brought by appellants American Metal Products Company, Bemis Manufacturing Company, Brass Craft Manufacturing Company, KraftMaid Cabinetry, Inc., Mixet Division of Alsons Corp., Osram Sylvania, Inc., Peerless Faucet Company, Division of Masco Corporation of Indiana, StarMark, Inc., United States Gypsum Company, and Zenith Products Corporation (collectively known as the Ten Group) (96 C 5044). And the third appeal was brought by appellant Southwire Company (96 C 5800). The three appeals were consolidated, so all three are being handled under number 96 C 5043. Compare FRCP 42(a) (consolidation of multiple cases) with U.S. Dist Ct, N D Ill, GR 2.31 (reassignment of multiple cases to a single district judge on the basis of relatedness).

Under state law, a creditor may have a right to reclaim goods received by a buyer whom the creditor discovers was insolvent at the time the goods were received. For example, in Illinois:

(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within 10 days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within 3 months before delivery the 10 day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser under this Article (Section 2–403). Successful reclamation of goods excludes all other remedies with respect to them.

810 ILCS 5/2–702.

When a buyer goes bankrupt, a seller's remedies must often give way to the bankruptcy trustee's avoiding powers. However, the trustee's avoiding powers are greatly limited with respect to the seller's exercise of the remedy of reclamation if the conditions set forth in the Bankruptcy Code are satisfied. The Bankruptcy Code states:

(c) Except as provided in Subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—

(A) before 10 days after receipt of such goods by the debtor; or

(B) if such 10–day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor[.]

11 U.S.C. § 546(c). Appellee states the issue presented accurately:

Whether under 11 U.S.C. § 546(c)(1), a seller of goods to a debtor in bankruptcy that demands reclamation of the goods can reclaim such goods if they were delivered to the debtor more than 10 days before the commencement of the bankruptcy case?

The short answer to this question is no.

■ Analysis under the statute must start from the date of receipt of the specific goods sought to be reclaimed. To avoid the trustee's avoiding powers, a written demand for reclamation must be made before ten days after receipt of the goods. 11 U.S.C. § 546(c)(1)(A). If the ten day period expires prior to the commencement of the bankrupt-

cy case without a timely written demand for reclamation having been made, the seller may not reclaim the goods, whether by an oral demand within the ten day period (which may be effective for purposes of the commercial code, see 810 ILCS 5/2–702(2), even though it would not be effective in bankruptcy) or by a subsequent written demand. If the ten-day period expires after commencement of the bankruptcy case, then the period in which to make a written demand for reclamation is enlarged to twenty days after receipt of the goods. 11 U.S.C. § 546(c)(1)(B). It is impossible for the ten-day period after the buyer's receipt of the goods to expire subsequent to the commencement of a bankruptcy case that was commenced more than ten days after the same receipt of the goods.

Appellants contend:

The plain meaning of Section 546(c) unambiguously provides that a creditor can reclaim goods if the seller demands, in writing, reclamation before twenty (20) days after receipt of such goods by the Debtor.

This is true only for goods for which the ten-day period for reclamation expires after the commencement of the bankruptcy case, and not in the sense in which appellants mean it. The statute does not entitle a seller to reclaim twenty-days' worth of goods, as appellants would have it; only to avoid the trustee's avoiding powers by exercising a state law right to reclamation so long as a written demand for reclamation was made before ten days after receipt of the goods or, if the ten-day period expires after the commencement of a bankruptcy case, before twenty days after receipt of the goods.

■ The parties, in arguments made to cover the possibility of this court's concluding the statute is ambiguous, have cited to the remarks of the Senate sponsor of the provision and the Committee Report on it in attempting to show the legislative history favors their respective positions regarding the proper interpretation of the statute. It is unnecessary to consider those materials, since the court agrees with the parties that Section 546(c)(1) is unambiguous with respect to the issue presented in this appeal. Appel-

lants also make a public policy argument favoring permitting creditors to claim twenty days' worth of goods. However, the unambiguous language of the statute could not be disregarded, even if the public policy argument were to be found extraordinarily persuasive. Where a statute is unambiguous on a subject, it sets forth the public policy with respect to the matters to which it applies more definitively than other sources. Even if a statute were contrary to some public policy, it would be necessary to follow the statute until it was amended in any event.

Accordingly, the bankruptcy court was correct in concluding that 11 U.S.C. § 546(c) does not permit reclamations of goods received more than ten days before commencement of the bankruptcy case where demand for reclamation of the goods was first made after the commencement of the bankruptcy case.

ORDERED: The judgment of the bankruptcy court is affirmed. This judgment shall be set forth on a separate document and entered in the civil docket. FRCP 58, 79(a).